UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | * | CIVIL ACTION NO.: |
| DANAOS SHIPPING CO., LTD. | * | |
| AND SPEEDCARRIER (NO. 3) CORP. | * | |
| AS OWNERS AND/OR OPERATORS | * | ADMIRALTY |
| OF THE M/V STRIDE | * | |
| EXONERATION FROM OR | * | SECTION: |
| LIMITATION OF LIABILITY | * | |
| | * | JUDGE: |
| | * | |
| | * | MAGISTRATE: |

**VERIFIED COMPLAINT FOR EXONERATION FROM
AND LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, through undersigned counsel, Danaos Shipping Co., Ltd. ("Danaos") and Speedcarrier (No. 3) Corp. (hereinafter collectively referred to as "Limitation Petitioners"), as owners, managers, operators and/or charterers of the M/V STRIDE (the "Vessel"), who file this Verified Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30511, and respectfully aver upon information and belief as follows:

1. This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, et seq. (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule F").

2. The Vessel has not been attached or arrested to answer for any claim with respect to which Limitation Petitioners seek exoneration from or limitation of liability through these proceedings.

1

3. Venue, as it pertains specifically to this Verified Complaint for Exoneration from or Limitation of Liability, is proper within this District pursuant to Supplemental Rule F because the marine casualty at the center of this controversy occurred in this District and Danaos Shipping Co., Ltd., has been sued within this District for a claim with respect to which the Limitation Petitioners seek exoneration from or limitation of liability, as is more fully set forth herein.

4. The Vessel, the M/V STRIDE, is an oceangoing container ship bearing IMO No.: 9149835. The Vessel is flying under the flag of Panama. The call sign of the Vessel is 3FRT7. The Vessel was built by Hyundai Heavy Industries Co. Ltd. in South Korea in 1997. The Vessel has an approximate gross register tonnage of 21611. The Vessel has an approximate dimension of 174 meters in length, a beam of 30 meters, and a depth of 16 meters.

5. At all relevant times, Danaos Shipping Co., Ltd. has been and is a corporation incorporated and organized under the laws of Cyprus and operates through its established office in Piraeus, Greece.

6. The Vessel was owned by Speedcarrier (No. 3) Corp., a Liberian corporation. Speedcarrier outsourced all operations and day-to-day management of the Vessel to Danaos. At all relevant times, Danaos was the manager, operator, and/or charterer of the Vessel.

7. At all material times prior to and at all times hereinafter described, Danaos exercised due diligence to make the Vessel seaworthy in all respects, as she was, in fact, tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

8. The Vessel was moored at the Barbours Cut Container Terminal at the Port of Houston near Houston, Texas on January 8, 2024 when an alleged fire aboard the Vessel occurred ("Incident").

9. At the time of the Incident, the Vessel was receiving bunkers from a bunkering vessel that was owned, managed, operated, and/or chartered by Buffalo Marine Service, Inc. ("Buffalo Marine").

10. Habibu Othman Khamis ("Khamis"), a Tanzanian citizen, sued Danaos for alleged personal injuries he sustained during the Incident in the 164th Judicial District Court for Harris County, Texas bearing, Civil Action No.: 2024-14985 ("State Court Action").

11. On or around March 18, 2024, Danaos subsequently removed the State Court Action pursuant to 28 U.S.C. §§ 1332, 1333, 1441(b), and 1446 to the United States District Court for the Southern District of Texas, Houston Division, bearing Civil Action No.: 4:24-cv-1001 (the "Federal Court Action").

12. In the Federal Court Action, Danaos filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and the doctrine of forum non conveniens.

13. Accordingly, Limitation Petitioners preserve their right to seek dismissal(s) of any and all claims against them for improper venue and/or forum non conveniens. This Complaint shall not be construed to waive any current and/or future defenses and/or rights to seek dismissal(s) that Limitation Petitioners may be entitled to, including but not limited to improper venue and/or forum non conveniens.

14. On May 21, 2024, Khamis filed his First Amended Complaint in the Federal Court Action, asserting claims against Danaos (incorrectly identified as "Danaos Corp"), M/V STRIDE, Cosco Shipping Lines (NORTH AMERICA) Inc. ("Cosco"), Buffalo Marine Service, Inc., and Ironman Protection LLC. *See* Exhibit A, a true and correct copy of Khamis' First Amended Complaint. Note, Khamis' claims against the M/V STRIDE are procedurally defective.

15. Cosco filed crossclaims against Danaos and the M/V STRIDE, *in rem*, in the Federal Court Action for indemnity and/or contribution. Given the facts and circumstances of the

underlying Incident, Limitation Petitioners anticipate that there may be additional claims asserted against them.

16. Upon information and belief, as of January 8, 2024, and through the present, there are no demands, unsatisfied liens, and/or claims of liens, in contract or in tort, arising from the Incident aboard the Vessel.

17. As a result of the Incident, the Vessel was deemed a constructive total loss. As a result, the Vessel was subsequently sold for $416,160.00. (FOUR HUNDRED SIXTEEN THOURSAND, ONE HUNDRED SIXTY AND 00/100 US DOLLARS).

18. The post-casualty value of the Vessel on January 8, 2024, inclusive of her appurtenances, did not exceed the sum of $416,160.00 (FOUR HUNDRED SIXTEEN THOURSAND, ONE HUNDRED SIXTY AND 00/100 US DOLLARS). Accordingly, the value of Limitation Petitioners' interest in the Vessel does not exceed the sum of $416,160.00 (FOUR HUNDRED SIXTEEN THOURSAND, ONE HUNDRED SIXTY AND 00/100 US DOLLARS).

19. The Vessel's charter hire for her pending voyage from Houston, Texas to Puerto Barrios, Guatemala, which represents the freight then pending at the time of the Incident, did not exceed the sum of $65,625.00 (SIXTY-FIVE THOUSAND, SIX HUNDRED AND TWNETY-FIVE AND 00/100 US DOLLARS).

20. As the Incident occurred on January 8, 2024, this Complaint is being filed within six (6) months of the Limitation Petitioners' receipt of written notice of any such claim that may have arisen out of the Incident in favor of any potential claimants.

21. Upon information and belief, the Incident and any damages claimed as a result thereof were in no way caused or contributed to by any fault, neglect, or want of due care on the part of the Vessel and/or the Limitation Petitioners.

22.     The Incident and any damages claimed as a result thereof were proximately caused in whole or in part by the negligent acts and/or omissions of third-parties not under the control of the Vessel and/or the Limitation Petitioners.

23.     Regardless of whether the Incident and any damages claimed as a result thereof were occasioned by or resulted from any negligence or fault of the Vessel, the Limitation Petitioners had no privity or knowledge of any alleged defect of the Vessel, her appurtenances, or her crew that gave rise to the Incident.

24.     The Limitation Petitioners desire to contest their liability and the liability of the Vessel for any claims arising out of the Incident, as they have valid defenses to such potential claims in fact and in law. The Limitation Petitioners are entitled to complete exoneration from liability arising out of the Incident.

25.     The Limitation Petitioners further claim the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Supplemental Rule F, together with any and all amendatory or supplemental Acts of the Congress of the United States, and the rules of practice of this Court and the Supreme Court of the United States.

26.     Concurrent with the filing of this Complaint, the Limitation Petitioners offer and file their *Ad Interim* Stipulation in the appropriate form with a Letter of Undertaking in favor of this Court in an amount equal to the interest in the Vessel and her freight then pending, together with interest calculated at the rate set forth by law in Supplemental Rule F(1) of six percent (6%) from the date of the Limitation Petitioners's stipulation and costs.

27.     The Limitation Petitioners' *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount is not contested by any claimant, but the Limitation Petitioners are prepared to give a bond or stipulation for any amount in excess of the *Ad Interim* Stipulation as may be ascertained and determined to be necessary by order of this Court.

28. Pursuant to 46 U.S.C. § 30501, *et seq.*, the Limitation Petitioners are entitled to have all claims and issues concerning the Incident consolidated into a single proceeding before the United States District Court for the Southern District of Texas sitting in admiralty.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Limitation Petitioners pray as follows:

1. upon the Limitation Petitioners's filing of an *Ad Interim* Stipulation in the amount of $481,785.00 (FOUR HUNDRED EIGHTY-ONE THOUSAND, SEVEN HUNDRED EIGHTY-FIVE AND 00/100 DOLLARS) and a Letter of Undertaking in favor of this Court in the amount representing the value of their interests in the Vessel combined with her pending freight at the close of the aforesaid voyage, this Court shall issue an order approving the *Ad Interim* Stipulation and requiring this payment whenever ordered by this Court with interest as provided by law from the date of the stipulation, pending appraisal by the Court of the value of the Vessel and her pending freight at the conclusion of the voyage;

2. this Court, pursuant to Supplemental Rule F(3), shall issue an injunction restraining the filing, commencement, and prosecution in any court whatsoever of all lawsuits, actions, and legal proceedings of any nature or kind whatsoever against the Limitation Petitioners, the Vessel and her crew, and/or the Limitation Petitioners's underwriters or insurers, whether *in personam* or *in rem*, except in this action, to recover damages as a result of loss of life, bodily injury, damage to property, or other loss or damage resulting from the casualty described above in this Complaint;

3. pursuant to Supplemental Rule F(4), this Court shall issue a notice to all persons, firms, and corporations asserting a claim for any and all losses, damages, deaths, injuries, or destruction with respect to which the Limitation Petitioners seek exoneration from or limitation of liability, admonishing them to appear and (1) file their respective claims with the Clerk of this Court and serve such claims on the Limitation Petitioners's undersigned attorneys on or before the date to be named in said notice or be forever barred and permanently enjoined from making and filing such claims, and (2) file and serve their respective answers to this Complaint;

4. if any claimant, who shall file its claim under oath, files an exception controverting either the value of the Vessel in its condition as alleged or the amount of the *Ad Interim* Stipulation, this Court shall cause due appraisal to be made of the value of the Vessel and her pending freight during the time of the matters, happenings, and events stated in this Complaint, and, in the event said appraised value of the Vessel exceeds the limitation fund or security filed, this Court shall enter an order for the payment into the Court of the higher value of the

Vessel, or for the giving of security in the same amount pursuant to Supplemental Rule F(7);

5. this Court shall adjudge and decree that the Limitation Petitioners are not liable to any extent whatsoever for any losses, damages, or injuries, or for any claims arising in consequence of the matters, happenings, and events stated in this Complaint, and exonerate the Limitation Petitioners from liability;

6. in the alternative, if this Court should adjudge that the Limitation Petitioners are liable in any amount whatsoever, said liability shall be limited to the value of the Vessel and its pending freight; that the monies paid or ordered to be paid may be divided *pro rata* among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging the Limitation Petitioners from all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against the Limitation Petitioners or their property in consequence of or in connection with the matters and happenings referred to in this Complaint; and

7. that the Limitation Petitioners have such other and further relief to which they may be entitled by law, in equity or in admiralty, including the right to amend and supplement these pleadings to achieve justice.

Dated: July 5, 2024

Respectfully submitted,

*/s/ Kelly C. Hartmann*
Jason P. Waguespack
  Federal Bar No. 268357
  jwaguespack@gallowaylawfirm.com
Kelly C. Hartmann
  State Bar No. 24055631
  Federal Bar No. 777411
  khartmann@gallowaylawfirm.com
Trenton J. Wallis
  State Bar No. 24113454
  Federal Bar No. 3412033
  twallis@gallowaylawfirm.com
Jacob C. Soto
  State Bar No. 24126644
  Federal Bar No. 3712679
  jcsoto@gallowaylawfirm.com
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile

**ATTORNEYS FOR DEFENDANT,
DANAOS SHIPPING CO. LTD.**

7