## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF<br>DANAOS SHIPPING CO., LTD. AND<br>SPEEDCARRIER (NO. 3) CORP. AS<br>OWNERS AND/OR OPERATORS OF THE<br>M/V STRIDE EXONERATION FROM OR<br>LIMITATION OF LIABILITY | §<br>§<br>§<br>§<br>§<br>§ | C.A. NO. 4:24-cv-02540<br><br>IN ADMIRALTY<br><br>F.R.C.P. 9(h) |

### ORIGINAL CLAIMS OF COSCO (CAYMAN) MERCURY CO. LTD.

TO THE HONORABLE JUDGE LEE H. ROSENTHAL:

Subject to and without waiving any right to arbitrate this dispute, COMES NOW Respondent and Claimant COSCO (Cayman) Mercury Co. Ltd. ("Claimant"), and pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure ("Rule F"), files its Claims in response to the Verified Complaint for Exoneration From and Limitation of Liability ("Limitation Petition") of Danaos Shipping Co., Ltd. and Speedcarrier (No. 3) Corp. (hereinafter collectively referred to as "Limitation Petitioners"), and will respectfully show the following:

### INTRODUCTION

1. Claimant files these claims to seek contribution and indemnity from Limitation Petitioners in the event it is held liable to various parties as a result of the January 8, 2024 fire aboard the M/V STRIDE that is the subject of this lawsuit.

2. Claimant reasserts every allegation set forth in its Original Answer as if fully set forth herein.

3. By way of background, on March 11, 2024, nonparty COSCO Shipping Lines (North America"), Inc. ("COSCO NA") was improperly sued by Habibu Othman Khamis

("Khamis") in the District Court of Harris County, Texas for the 164th Judicial District.[1] Khamis, a foreign seaman aboard the M/V STRIDE, alleges that as a result of COSCO NA's negligence, he suffered injuries because of the January 8, 2024 fire aboard the M/V STRIDE.

4. Khamis incorrectly asserts that COSCO NA was the charterer of the M/V STRIDE. In fact, COSCO NA is not a properly named party and has no relation to this matter or the fire.

5. It was Claimant, and not COSCO NA, that was the time charterer of the M/V STRIDE at the time of the fire. Although Claimant, as time charterer, owes no duties to Khamis or any other party arising out of, relating to, or otherwise connected with the fire aboard the M/V STRIDE and the bunkering of the vessel as referenced below, Claimant asserts the instant claims to protect its interests in the event any parties bring claims against Claimant in the future.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over these proceedings pursuant to 28 U.S.C. § 1333. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7. This Court has venue pursuant to 28 U.S.C. § 1391(b)(2) over the limitation action because a substantial part of the alleged events or omissions giving rise to the claims occurred in this district. However, this Court does not have venue over claims under, relating to, or otherwise connected with the August 12, 2021 Time Charter (the "Time Charter") entered into between Claimant and Speedcarrier No. 3 Corp. ("Speedcarrier"), which are subject to a foreign arbitration clause.

## PARTIES

8. At all material times, COSCO Mercury was a business entity organized and existing under the laws of a foreign country and was the time charterer of the M/V STRIDE.

---

[1] On March 18, 2024, the matter was removed to the United States District Court for the Southern District of Texas and assigned Civil Action no. 4:24-cv-1001.

9. Upon information and belief, Limitation Petitioners owned, managed, and or operated the M/V STRIDE. Limitation Petitioners have appeared in this action and are subject to this Court's jurisdiction by virtue of filing the Limitation Petition. Service on Limitation Petitioners is by service on their attorneys of record.

**FACTS**

10. Upon information and belief, on or about January 8, 2024, there was a fire in the engine room of the M/V STRIDE while she was moored alongside Barbour's Cut Container Dock No. 5, and the M/V JACQUES-IMO and T/B SHAMROCK 500 were delivering bunker fuel to the M/V STRIDE.

11. Upon information and belief, at all material times the M/V STRIDE was owned by Speedcarrier (No. 3) Corp. ("Speedcarrier"), and Danaos Shipping Co., Ltd. ("Danaos") was the technical manager of the M/V STRIDE.

12. As a result of the fire, two crew members lost their lives and Khamis claims that he suffered personal injuries.

13. The above described events, and any alleged injuries, losses, damages, or destruction resulting from the fire was neither caused or contributed to by the fault, neglect, lack of due diligence or want of due care on the part of Claimant or its agents or servants.

14. Rather, if any injuries, losses, damages, or destruction were sustained as a result of the incident, which is denied, said damages were due to and/or caused by the fault, neglect, lack of due diligence or want of due care of others for whom Claimant is not responsible, including TimTom Land Holdings, LLC, Shamrock Marine, LLC, Buffalo Marine Service, Inc., Speedcarrier, Danaos, and/or the unseaworthiness of the M/V JACQUES-IMO, T/B SHAMROCK 500, and/or M/V STRIDE.

15. Upon information and belief, the claims and damages arising from the January 8, 2024 fire were caused, in whole or in part, by the unseaworthiness of the M/V STRIDE existing at the commencement of its voyage, and/or by the negligence and other legal fault of the agents, servants, owners, and employees of Limitation Petitioners, all of which was within the privity or knowledge of Limitation Petitioners.

## **CLAIMS**

16. If Khamis or any other potential party or parties were injured, died, incurred property damage, or suffered losses or damages of any kind or nature whatsoever as a result of the January 8 fire aboard the M/V STRIDE, which is specifically denied, then their injuries, death, property damages, losses, and/or damages were proximately caused by the fault, omission, negligence, breach of contract, and/or breach of warranty of Limitation Petitioners, and not due to any fault, omission, negligence, breach of contract, and/or breach of warranty on the part of Claimant or its servants or agents.

17. If Khamis or any other potential party or parties are entitled to recover against Claimant for injuries, death, property damage, or losses or damages of any kind or nature whatsoever arising out of, relating to, or otherwise connected with the January 8, 2024 fire aboard the M/V STRIDE, whether by judgment or settlement, then Claimant is entitled to recover indemnity and/or contribution from Limitation Petitioners for all or an amount of such sums proportionate to their share of fault or liability, if any, so recovered, together with expenses, including reasonable attorneys' fees, costs and interest, in defending against any claims of Khamis or any other potential party or parties.

18. That if Khamis or any other potential party or parties are not entitled to recover against Claimant, then Claimant is entitled to recover indemnity from Limitation Petitioners for

all expenses including reasonable attorneys' fees, costs and interest which Claimant expended in defending against any claims of Khamis or any other potential party or parties.

19. The assertion of these claims is subject to and without prejudice to Claimant's objection to the Limitation Petition, and Claimant's position that the action for limitation or exoneration should be dismissed, and/or the Limitation Petitioners' Limitation Fund be increased.

20. Claimant reserves the right to amend and supplement these claims to allege further and/or different faults, unseaworthy conditions and/or negligent acts and omissions as the evidence may disclose.

21. Claimant reserves the right to assert additional breach of contract or other claims as against Speedcarrier and/or other parties herein or in a foreign lawsuit or arbitration under, relating to, or otherwise connected with the Time Charter entered into between Claimant and Speedcarrier as the facts in this matter are more fully developed. The claims filed by Claimant in this lawsuit are solely made to protect itself from potential claims and are made without prejudice to its rights under the Time Charter.

## **PRAYER**

WHEREFORE, COSCO (Cayman) Mercury Co. Ltd. prays:

(a) judgment be entered in favor of COSCO (Cayman) Mercury Co. Ltd. on its claims against Limitation Petitioners Danaos Shipping Co., Ltd. and Speedcarrier (No. 3) Corp. herein together with the costs and disbursements of this action including reasonable attorney's fees plus interest; and

(b) that COSCO (Cayman) Mercury Co. Ltd. have such other and further relief to which it is justly entitled.

Respectfully submitted,

By:   /s/ Richard A. Branca
    Richard A. Branca
    State Bar No. 24067177
    Federal I.D. No. 828076
    Dimitri P. Georgantas
    State Bar No. 07805100
    Federal I.D. No. 2805
    1415 Louisiana Street, Suite 4200
    Houston, Texas 77002-7380
    Telephone: (713) 224-8380
    Facsimile: (713) 225-9945
    richard.branca@roystonlaw.com
    dimitri.georgantas@roystonlaw.com

**ATTORNEYS FOR RESPONDENT AND CLAIMANT, COSCO (CAYMAN) MERCURY CO. LTD.**

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

    I certify that on this the 12th day of September, 2024, a true and correct copy of the foregoing was served upon all counsel of record by either ECF, certified mail, return receipt requested and/or via facsimile.

    /s/ Richard A. Branca
    Of Royston, Rayzor, Vickery & Williams, L.L.P.