United States District Court
Southern District of Texas

**ENTERED**

September 26, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN THE MATTER OF § 
DANAOS SHIPPING CO., LTD. § 
AND SPEEDCARRIER (NO. 3) CORP. § 
AS OWNERS AND/OR OPERATORS § 
OF THE M/V STRIDE § CIVIL ACTION NO. H-24-2540
EXONERATION FROM OR § 
LIMITATION OF LIABILITY § 

**ORDER**

This court has reviewed de novo Danaos Shipping Company, Ltd.'s and Speedcarrier (No.

3) Corporation's motion to dismiss for *forum non conveniens*, (Docket Entry No. 48), and motion

to strike, (Docket Entry No. 59); the related briefing, (Docket Entry Nos. 51, 57, 58); and the

United States Magistrate Judge's Report and Recommendation, (Docket Entry No. 86).  *See* FED.

R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.

1989).  The court finds that the Magistrate Judge accurately identified the facts in the record before

him and correctly applied the law to those facts.

Danaos's and Speedcarrier's objections to the Magistrate Judge's ruling introduce a

substantial amount of, admittedly, "critical additional evidence" into the record.  (Docket Entry

No. 92 at 1; *see* Docket Entry No. 87).  What was initially a two-paragraph reply to Khamis's

argument that enforcement of the forum-selection clause would practically deny his right to a day

in court, (Docket Entry No. 57 ¶¶ 14–15), has transformed into objections that span thirty-seven

pages of legal argument across two briefs and that include ten evidentiary exhibits, (Docket Entry

Nos. 87, 92).  This careful attention to the factual record and robust legal briefing should have

been before the Magistrate Judge in the first instance.  Litigation before a magistrate judge is not

a warmup act before the main event.  Parties should not hold back facts or legal authorities and limit their briefing in order to scope out opposing arguments or learn how the magistrate judge will rule, knowing they can then challenge a report and recommendation with "critical additional evidence."

Danaos and Speedcarrier explain that they did not submit evidence rebutting Khamis's arguments about the unreasonableness of enforcing the forum-selection clause because they thought Khamis's arguments were unclear, (Docket Entry No. 92 at 7–8), and because they thought binding case law supported their motion on the record before the Magistrate Judge, (*id.* at 8–9). But the Magistrate Judge's ruling is appropriately based on facts and legal principles argued in the parties' briefs and their attached exhibits.  (*See* Docket Entry No. 51).  Khamis even filed a sur-reply that restated in one paragraph all his relevant arguments because he thought that Danaos and Speedcarrier had construed his response brief too narrowly.  (*See* Docket Entry No. 58 at 2–3, 3 n.1).  Danaos's and Speedcarrier's argument that it thought binding precedent appropriately addressed Khamis's response, (Docket Entry No. 92 at 8–9), essentially admits that this a second bite at the apple.  They argued that binding precedent resolved their view of Khamis's argument; the Magistrate Judge rejected their reading of the law and the record; but now they wish to present, for the first time, "critical additional evidence" to support a different outcome.  For these reasons, the court declines to sustain Danaos's and Speedcarrier's objections.

The court, however, recognizes that the facts of this case, as they will likely be established at summary judgment or trial through the evidence that Danaos and Speedcarrier now introduce, may warrant dismissal for *forum non conveniens*.  The Fifth Circuit often enforces forum-selection clauses, *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221 (5th Cir. 1998); *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 251 (5th Cir. 2023),

including when plaintiffs may be physically unfit to travel to, or financially burdened by, litigation in the foreign forum, *Calix-Chacon v. Glob. Int'l Marine, Inc.*, 493 F.3d 507, 515 (5th Cir. 2007); *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 368 (5th Cir. 2024). Khamis may be an experienced seaman with knowledge of forum-selection clauses. *Sanchez v. Commodore Cruise Lines, Ltd.*, 713 So. 2d 572, 576 (La. Ct. App. 4th Cir. 1998). And some courts have concluded that Greece is a fair forum for maritime personal injury litigation. *See, e.g.*, *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 10 (2d Cir. 1995); *Valle v. Chios Venture Shipping*, 98-cv-0748, 1999 WL 76429, at *3 (E.D. La. Feb. 8, 1999); *Mpiliris v. Hellenic Lines, Ltd.*, 323 F. Supp. 865, 872 (S.D. Tex. 1969), *aff'd*, 440 F.2d 1163 (5th Cir. 1971). For these reasons, the court will allow Danaos and Speedcarrier to reopen the evidentiary record and move to reconsider the court's ruling on its motion to dismiss for *forum non conveniens*.

In sum, based on this court's de novo review of the motion, the briefing, the record, and the applicable law, the court adopts the Report and Recommendation as this court's Memorandum and Order. Danaos's and Speedcarrier's motion to dismiss for *forum non conveniens*, (Docket Entry No. 48), is denied. Their motion to strike, (Docket Entry No. 59), is denied as moot. The court construes Danaos's and Speedcarrier's objections, (Docket Entry No. 87), as a motion to reopen the evidentiary record and to reconsider the court's ruling. That motion is granted. The court refers the matter to Magistrate Judge Peter Bray for further proceedings, based on the expanded evidentiary record that will follow.

SIGNED on September 26, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge