United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| DANAOS SHIPPING CO., LTD. | § | |
| AND SPEEDCARRIER (NO. 3) CORP. | § | |
| AS OWNERS AND/OR OPERATORS | § | |
| OF THE M/V STRIDE | § | CIVIL ACTION NO. H-24-2540 |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

**MEMORANDUM AND ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

This court has reviewed *de novo* the Memorandum and Recommendation, (Docket Entry No. 174), of U.S. Magistrate Judge Peter Bray on the renewed motion to dismiss for *forum non conveniens*, (Docket Entry No. 103), and the objections to the Memorandum and Recommendation, (Docket Entry No. 175). *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Judge Bray's detailed and thorough Memorandum and Recommendation recommended granting the renewed motion to dismiss for *forum non conveniens*, (Docket Entry No. 103[1]), and recommended that Habibu Othman Khamis's claim against the M/V STRIDE limitation fund be dismissed. Based on the pleadings, the motion, the response, the reply, the record, and the applicable law, the court adopts the Memorandum and Recommendation, (Docket Entry No. 174), as this court's Memorandum and Order.

[1] The Memorandum and Recommendation noted that "[t]he instant Renewed Motion to Dismiss concerns the enforceability of a forum-selection clause contained within an employment agreement that Khamis signed. Danaos and Speedcarrier, as Limitation Petitioners, seek dismissal of Khamis's claim against the M/V STRIDE limitation fund for *forum non conveniens*. The motion does not seek dismissal of Khamis's claim against the other limitation fund that was established as a result of the same January 2024 incident." (Docket Entry No. 174 at 2).

Khamis objects to (1) allowing "consideration of new arguments and evidence"; (2) "allowing Limitation Petitioners a second bite at the apple on their motion to dismiss" without appropriate discovery; (3) "enforcing the forum selection clause against" someone "who did not understand what was in the contract"; (4) "dismissing one claimant from this limitation action" while other claimants remain. (*See* Docket Entry No. 175 at 1–2).

The objections do not warrant a different result. First, "based on the supplemental evidence presented . . . in [Danaos's] objections, this [c]ourt 'recognize[d] that the facts of this case . . . may warrant a dismissal for *forum non conveniens*.'" (Docket Entry No. 179 (citing Docket Entry No. 93 at 2)); *see also Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, 102 F.4th 712, 726 (5th Cir. 2024) ("A district court may receive further evidence when considering objections to a magistrate judge's recommendation and 'need not reject newly-proffered evidence simply because it was not presented to the magistrate judge.' Thus, the district court erred to the extent it believed it could not review the new evidence." (citations and footnotes omitted)).

Second, the deposition testimony was available to Khamis "at the time he prepared his response to Danaos's renewed motion to dismiss[,]" "[y]et he did not refer to . . . this testimony in his objections." (Docket Entry No. 179 at 5 (noting that Khamis had "deposed Danaos's corporate representative about the 'hiring, training, and qualifications for each crew member' of the Stride" and had "deposed Danaos Shipping's Directors of Human Resources & Training, Safety, and Crewing" (footnotes, citations, and emphases omitted)).

Third, the Memorandum and Recommendation carefully explained that, under these circumstances, "Khamis's familiarity with the maritime industry and its customary use of forum-selection clauses in employment contracts undermines his argument that it would be fundamentally unfair to enforce the 2023 Agreement." (Docket Entry No. 174 at 20–21 (citations omitted)); *see*

*also id.* at 20 (noting that "(1) [a]t the time Khamis signed the 2023 Agreement, he had some ability to communicate in English; (2) Swahili-speaking employees of Danaos Zanzibar were present at the signing; (3) Khamis was familiar with maritime contracts and customs; and (4) Khamis had signed two prior employment contracts that each contained an identical forum-selection clause to the one at issue in the 2023 Agreement").

Fourth, Khamis failed to address, or respond to, the Memorandum and Recommendation's explanation that "Khamis has not cited any cases to support his assertion that it would be procedurally improper" "for the court to dismiss his claim against the M/V STRIDE limitation fund while retaining jurisdiction over the other claims of other parties." *Compare* (Docket Entry No. 174 at 13), *with* (Docket Entry No. 164 at 2–12; Docket Entry No. 175 at 10–18). The Memorandum and Recommendation acknowledged that "[t]he court's own research did not reveal such cases, either." (Docket Entry No. 174 at 13; *cf. id.* ("[S]ome courts have held that it is indeed permissible, under certain circumstances, for the court to dismiss a subset of claims on the basis of *forum non conveniens*." (citations omitted))). Khamis has not provided additional reasoning to warrant a contrary conclusion. (*See* Docket Entry No. 175).

Khamis's objections are overruled. The court adopts the Memorandum and Recommendation, (Docket Entry No. 174), as this court's Memorandum and Order. The court grants the renewed motion to dismiss for *forum non conveniens*, (Docket Entry No. 103), and dismisses Khamis's claim against the M/V STRIDE limitation fund. The court's dismissal is "conditioned on (1) the Courts of Piraeas, Greece, exercising jurisdiction over Khamis's injury claims, (2) Limitation Petitioners [(Danaos and Speedcarrier)] submitting to the jurisdiction of the Courts of Piraes, Greece and allowing the case to move forward under the full panoply of Greek law, (3) Limitation Petitioners providing assistance to Khamis in covering the financial obligations

imposed by litigating the case in Greece, and (4) Limitation Petitioners agreeing to satisfy any judgment rendered by the Greek Court." (Docket Entry No. 174 at 32). If any of these conditions are not met, this court will resume jurisdiction over this case.

SIGNED on October 28, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge